**John F. SIMPSON, also known as Ted Simpson**

**v.**

**Sgt. Thomas J. NICKLAS, of the St. Mary's Police Department, Individually and in his Official Capacity; An Unknown Pennsylvania State Police Trooper of the Huntingdon State Police Barracks, Individually; William L. Wagner, Pennsylvania State Police Trooper, Individually.**

**John "Ted" F. Simpson, Appellant.**

**No. 10–3931.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 10, 2012.

Filed: Oct. 2, 2012.

186

Jeffrey A. Conrad, Esq., Stephanie E. Lombardo, Esq., Clymer, Musser, Brown & Conrad, Lancaster, PA, for Plaintiff–Appellant.

Joseph L. Luvara, Esq., Shannan E. Noe, Esq., Nancy R. Winschel, Esq., Dickie, McCamey & Chilcote, Pittsburgh, PA, J. Bart Delone, Esq., Gregory R. Neuhauser, Esq., Office of Attorney General of Pennsylvania, Harrisburg, PA, for Defendant–Appellee.

Before: SCIRICA, ROTH and BARRY, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

The District Court dismissed John "Ted" F. Simpson's complaint for failure to state a claim and denied him leave to amend on grounds of futility. Simpson appeals the court's decision to deny him leave to amend. We ordinarily review the denial of leave to amend for abuse of discretion, but Simpson presents no argument on how the court abused its discretion. Instead, he asks us to consider a waived issue—an issue he declined to raise before the District Court—to determine if leave to amend should be granted. Because we find no exceptional circumstances warranting the consideration of Simpson's waived issue, we will affirm the District Court's judgment.

I

Sergeant Thomas J. Nicklas initiated a police investigation on December 6, 2006, after receiving a report that Simpson had sexually assaulted a sixteen-year-old girl. Simpson, who was the manager at the radio station where the girl worked, allegedly drove her to a hotel, bought and supplied alcohol to her, and engaged in improper sexual contact with her. During the investigation, Nicklas contacted two Pennsylvania State Troopers believed to be familiar with Simpson's previous criminal charges of Furnishing Alcohol to Minors, Impersonating a Public Servant, and Prohibited Offensive Weapons. Nicklas also obtained search warrants for the hotel room where the alleged assault occurred and for Simpson's phone records, bank statements, and home. Although the investigation produced an extensive case report containing information relating to the sexual assault, Simpson was only charged with furnishing alcohol to minors and corruption of minors. A non-jury trial was held in the Elk County Court of Common Pleas on November 10, 2009, where Simpson was found not guilty of furnishing alcohol to minors. The accompanying charge of corruption of minors was dismissed by the prosecutor on the same day.

On May 24, 2010, Simpson filed a § 1983 civil rights complaint against Nicklas and the two Pennsylvania State Police Troopers Nicklas contacted during the investiga-

tion.[1] Pertinent to this appeal, the complaint alleged Nicklas sought to embarrass Simpson and ruin his reputation by placing information related to the sexual assault in the search warrant affidavits, the criminal complaint, and the case report. It further alleged the two troopers lied to Nicklas during the investigation when describing Simpson in an unflattering light. Through these actions, Simpson claimed defendants deprived him of his Thirteenth Amendment[2] right to equal protection under the law and his Fourteenth Amendment right to procedural and substantive due process of law.

The District Court dismissed Simpson's complaint under Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief could be granted. In their motions to dismiss, defendants surmised Simpson was attempting to assert deprivation of reputation as the underlying theory of his § 1983 claim. But Simpson, in his opposition brief, did not pursue such a theory. The court noted there was no right to be free from police investigation based on reasonable information and found Simpson had failed to establish exactly what deprivation he was claiming. And in light of Simpson's apparent rejection of the deprivation of reputation theory, the court determined leave to amend would be futile. Simpson filed this timely appeal.[3]

## II

■ Upon retaining new counsel for this appeal, Simpson concedes the District Court was correct in dismissing his complaint as originally filed. Accordingly, he appeals only the court's decision to deny him leave to amend his complaint. Ordinarily, we would review the denial of leave to amend for abuse of discretion. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir.2000) (citation omitted). But Simpson does not contend the court abused its discretion. Instead, he attempts, for the first time on appeal, to assert the deprivation of reputation claim he previously eschewed before the District Court.

■ Issues not presented before the district court are deemed to be waived and may not be heard on appeal. *Tri–M Group, LLC v. Sharp*, 638 F.3d 406, 416 (3d Cir.2011) (citation omitted). But in " 'exceptional circumstances,' " we may consider such waived issues. *Id.* (quoting *Council of Alt. Political Parties v. Hooks*, 179 F.3d 64, 69 (3d Cir.1999)). Exceptional circumstances arise when " 'the public interest requires that the issue[s] be heard or when a manifest injustice would result from the failure to consider the new issue[s].' " *United States v. Anthony Dell'Aquilla, Enters. & Subsidiaries*, 150 F.3d 329, 335 (3d Cir.1998) (quoting *Altman v. Altman*, 653 F.2d 755, 758 (3d Cir.1981)). Here, Simpson argues manifest injustice will result if we fail to consider his deprivation of reputation claim on appeal. He admits his first attorney, who represented him before the District Court, failed to raise the deprivation of reputation issue or even request leave to amend the complaint. But he alleges these mistakes were caused by his first attorney's worsening degenerative neurological condition. Accordingly, Simpson contends it would be manifestly unjust to punish him for the mistakes of his attorney.

1. William L. Wagner and an unknown trooper of the Huntingdon State Police Barracks.

2. The District Court assumed Simpson meant the Fourteenth Amendment and not the Thirteenth Amendment, as the latter pertains to the abolition of slavery.

3. The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343. We have jurisdiction under 28 U.S.C. § 1291.

We can find no exceptional circumstances in this case that would allow Simpson to assert his waived issue. In past instances, we have declined to consider the merits of a waived issue even though counsel's error had adversely affected the case. *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir. 1992). "Many errors by one's counsel prejudice a case; but few are said to be a miscarriage of justice." *Id.* Moreover, "[w]hen a litigant takes an unequivocal position at trial, he cannot on appeal assume a contrary position simply because the decision in retrospect was a tactical mistake, or perhaps a candid but regretted concession." *Id.* (citation omitted). And while Simpson is unlikely to characterize his first attorney's failure to assert deprivation of reputation claim as a tactical mistake or concession, we question the assertion of such a claim on the facts of Simpson's case.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 749 n. 9, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999) (quotation omitted). A successful § 1983 claim requires plaintiffs to show: (1) violation of a right secured by the Constitution and the laws of the United States and (2) commission of that violation by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.2000) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1990)). A harm to one's reputation is not actionable under 42 U.S.C. § 1983 unless a plaintiff can show " 'a stigma to his reputation *plus* deprivation of some additional right or interest.' " *Dee v. Borough of Dunmore*, 549 F.3d 225, 233–34 (3d Cir.2008) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006)).

Before the District Court, Simpson failed to allege deprivation of any additional right or interest. But on appeal, he attempts to expand the record with an affidavit claiming extreme financial hardship resulting from the loss of employment and future employment opportunities. Although what qualifies as "some additional right or interest" is less than clear, *see Baraka v. McGreevey*, 481 F.3d 187, 208 (3d Cir.2007), we have previously found allegations of "possible loss of future employment opportunities," *Clark v. Twp. of Falls*, 890 F.2d 611, 620 (3d Cir.1989), and even outright "financial harm," *Sturm v. Clark*, 835 F.2d 1009, 1013 (3d Cir.1987), to be insufficient to satisfy the "some additional right or interest" requirement of the "stigma-plus" test. Accordingly, even if we did consider Simpson's waived issue on appeal, we would find it to lack merit.

Finally, if Simpson has a legitimate complaint concerning his first attorney, there are civil remedies he can pursue. *See Link v. Wabash R. Co.*, 370 U.S. 626, 634 n. 10, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (stating the proper remedy for ineffective counsel in civil cases is not reversal, but a suit against the attorney for malpractice). There is no right to effective counsel in civil cases. *Id.* at 633–34, 82 S.Ct. 1386 (noting dismissal resulting from counsel's error is not an unjust penalty, and litigants are responsible for the acts or omissions of their freely selected agents). Accordingly, we find no exceptional circumstances warranting our consideration of Simpson's waived issue.

### III

For the foregoing reasons, we will affirm the judgment of the District Court.